UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-62175-BLOOM/VALLE

PATRICIA KENNEDY,

    Plaintiff,

v.

BONOM ENTERPRISES, INC.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

THIS MATTER is before the Court upon Plaintiff Patricia Kennedy's Verified Application for Attorney's Fees, Costs, Expert Witness Fees, and Litigation Expenses and Memorandum of Law (the "Motion"). (ECF No. 18). United States District Judge Beth Bloom referred the Motion to the undersigned for disposition pursuant to 28 U.S.C. § 636. (ECF No. 20). The undersigned has reviewed the Motion, Defendant's response (ECF No. 23), and Plaintiff's reply (ECF No. 25) and is otherwise duly advised in the matter. For the reasons set forth below, it is hereby **ORDERED AND ADJUDGED** that the Motion be **GRANTED IN PART AND DENIED IN PART** and Plaintiff be awarded $4,520 in attorney's fees.

### I. PROCEDURAL BACKGROUND

On September 14, 2018, Plaintiff filed a Complaint alleging that Defendant's website violated the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), for failing to comply with 28 C.F.R. § 36.302(e). (ECF No. 1). Defendant filed its Answer to the Complaint on October 30, 2018, and the case settled six days later. (ECF Nos. 13, 14). Thereafter, Plaintiff filed the instant Motion seeking attorney's fees, paralegal fees, and litigation expenses. (ECF No.

18). Specifically, Plaintiff seeks $7,308 in attorney's fees, $69 in paralegal fees, and $600 in litigation expenses. *Id.* at 12. Defendant opposes Plaintiff's Motion, arguing that Plaintiff's requested hourly rate of $420 per hour is unreasonable. (ECF No. 23 at 1-5). Additionally, Defendant argues that the amount of time Plaintiff's counsel ("Counsel") billed is unreasonable as Counsel has represented Plaintiff in numerous lawsuits using nearly identical complaints. *Id.* at 5. Lastly, Defendant argues that Plaintiff cannot recover any of the paralegal's fees as the paralegal performed clerical tasks, and that Plaintiff fails to articulate an adequate basis for recovery of her expert's fees. *Id.* at 8-11. The Motion is ripe for adjudication.

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

### A. Attorney's Fees

Under the "American Rule," litigants are not entitled to an award of attorney's fees for prevailing in litigation "unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Plaintiff moves for recovery of her fees and litigation expenses under 42 U.S.C. § 12205, which permits a prevailing party in an ADA action to recover its attorney's fees, costs, and litigation expenses.[1] (ECF No. 18 at 2); *see also* 42 U.S.C. § 12205. Specifically, § 12205 provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

---

[1] Plaintiff moved for recovery of her costs under 28 U.S.C. §1920 in a separate motion, which has been resolved by the District Judge. *See* (ECF Nos. 19, 24, 26, 27).

2

Here, Plaintiff obtained a consent decree against Defendant, rendering Plaintiff the prevailing party in the litigation. *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (observing that a consent decree is clearly sufficient to make a plaintiff the prevailing party in ADA litigation); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1352 (S.D. Fla. 2006) (stating "by virtue of the Consent Decree, [p]laintiff here was clearly the prevailing party"); *see also* (ECF No. 17) (Order approving Stipulation and Consent Decree). Accordingly, Plaintiff may recover reasonable attorney's fees and litigation expenses under § 12205. The undersigned next considers whether the fees requested are reasonable.

## B. The Lodestar Method of Determining Reasonable Fees

Courts in the Eleventh Circuit use the "lodestar" method to calculate the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, a court first determines the reasonable rate of an attorney's services and then determines if the amount of hours expended by counsel was reasonable. *Id.* at 1299-1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299 (citation omitted). The relevant legal community is "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation omitted). Additionally, "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).[2] The

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

3

movant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

When determining whether the amount of hours expended by counsel was reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins*, 548 F.3d at 1350 (citation omitted). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. Reasonable Hourly Rates

#### a. Plaintiff's Counsel

In accordance with the lodestar method, the undersigned first evaluates whether the rates submitted by Counsel are reasonable for the South Florida legal market. Plaintiff requests fees based on a rate of $420 per hour for her Counsel. (ECF No. 18 at 2-12). In support of her request, Plaintiff provided Counsel's resume and billing records, (ECF Nos. 18-1, 18-8), and various documents evidencing the rates charged by other attorneys in ADA cases in the Southern and Middle districts of Florida and the Western district of Texas, (ECF Nos. 18-2;19-3; 18-4; 18-5; 18-6; 18-7). Plaintiff acknowledges that Counsel's rates have ranged from $300 to $420 per hour. (ECF No. 18 at 2).

---

attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Here, the undersigned concludes that Counsel has been licensed to practice law in Florida since 1973. (ECF No. 18-1). Counsel's practice involves general civil litigation with a focus on labor and employment law. *Id.* Counsel "has represented the Plaintiff in numerous other actions over the years, and has a continuing relationship with the client." (ECF No. 18 at 11). Counsel accepted the case on a contingency fee agreement. *Id.* at 10. In the Southern District of Florida in similar ADA cases, Counsel has been awarded an hourly rate ranging from $300 to $420 per hour. *See Kennedy v. Fountains of Boynton Assocs., Ltd.*, No. 16-CV-81902, 2017 WL 5957662, at *3 (S.D. Fla. Nov. 6, 2017), *report and recommendation adopted*, No. 16-CV-81902, 2017 WL 5956871 (S.D. Fla. Nov. 29, 2017) (Marra, J.) (awarding Counsel $400 per hour); Order, Kennedy v. 5096 Forest Hill Invs., LLC, 15-CV-81001 (S.D. Fla. Oct. 29, 2015), ECF No. 21 (Rosenberg, J.) (awarding Counsel $420 per hour); Order, Access for the Disabled, Inc., et al. v. Bear Ice, Inc., No. 13-CV-60031 (S.D. Fla. Sep. 18, 2013), ECF No. 27 (Zloch, J.) (awarding Counsel $300 per hour in a "straight-forward ADA case seeking injunctive relief that ended in a settlement and which did not present any new or complex legal issues"); *Houston v. S. Bay Inv'rs No. 101, LLC*, No. 13-CV-80193, 2013 WL 3874026, at *2 (S.D. Fla. July 25, 2013) (Hurley, J.) (awarding Counsel $420 per hour). Based on the foregoing, the undersigned finds that $400 per hour is a reasonable hourly rate for Counsel's services in this case.

  b. *Plaintiff's Counsel's Paralegal*

Plaintiff also seeks to recover $115 per hour for work performed by Counsel's paralegal. (ECF No. 18 at 8, 10, 12).[3] Plaintiff's Motion seeks fees for .6 hours of paralegal time but does not specify what work the paralegal performed that would justify the recovery of fees. *See id.*

---

[3] Plaintiff does not provide any information regarding the experience or qualifications of Counsel's paralegal as is required by the Local Rules. *See* (ECF No. 18); *see also* S.D. Fla. L.R. 7.3(a)(5)(A) (requiring that a motion for attorney's fees provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought").

5

Nevertheless, the time records for this case indicate that the paralegal billed .3 for "initial file set up," .3 to "file case via CM/ECF," and .5 to "collate & file fees petition via CM/ECF." (ECF No. 18-8 at 5). A "court may award fees for the work of paralegals, but only to the extent that [they] perform work traditionally done by an attorney." *Fountains of Boynton*, 2017 WL 5957662, at *4 (internal quotation marks and citation omitted). Here, according to the time entries, the paralegal performed work that was clerical in nature rather than work traditionally performed by an attorney. Accordingly, the undersigned finds that Plaintiff should not recover any fees for work performed by the paralegal.

### 2. Reasonable Hours Expended

Having determined Counsel's reasonable hourly rate, the undersigned next determines the reasonableness of the hours expended by Counsel. Plaintiff requests attorneys' fees for a total of 17.4 hours. (ECF Nos. 18 at 8; 18-8). Although 17.4 hours of work for this type of action is not patently unreasonable, the undersigned agrees with Defendant that an across-the-board cut is appropriate given that counsel routinely represents Plaintiff in similar actions using a nearly identical Complaint.[4] *See Houston*, 2013 WL 3874026, at *2 (reducing Counsel's hours by 35% where he used "virtually identical complaints in cases filed over the prior two years"). Accordingly, the undersigned finds that Counsel's hours be reduced by 35%, resulting in 11.3 hours of compensable attorney time.

---

[4] *See, e.g.*, Complaint, Kennedy v. KAWA 340 Biscayne, LLC, et al., No. 18-CV-63161 (S.D. Fla. Dec. 28, 2018), ECF No. 1; Complaint, Kennedy v. Suresh Patel, d/b/a Scottish Inn, No. 18-CV-62344 (S.D. Fla. Oct. 2, 2018), ECF No. 1; Complaint, Kennedy v. Sai Shiv, LLC d/b/a St. Augustine Island Inn, No. 18-CV-62298 (S.D. Fla. Sep. 26, 2018), ECF No. 1; Complaint, Kennedy v. Ishaan, Inc., No. 18-CV-62145 (S.D. Fla. Sep. 12, 2018), ECF No. 1; Complaint, Kennedy v. G6 Hospitality Properties, LLC, d/b/a Studio 6, No. 18-CV-61847 (S.D. Fla. Aug. 9, 2018), ECF No. 1.

### 3. Litigation Expenses

Lastly, Plaintiff requests $600 in litigation expenses for worked performed by Daniel Pezza. (ECF Nos. 18 at 11-12; 18-8 at 7). Plaintiff's Motion does not set forth Mr. Pezza's credentials, why he should be compensated at a rate of $200 per hour, or why his work was necessary to this case. *See* (ECF No. 18). The invoice included with Plaintiff's Motion indicates that Mr. Pezza performed 3 hours of work at a rate of $200 per hour. (ECF No. 18-8 at 7). Mr. Pezza's work is summarized in a single entry as "[p]erform [i]nitial [i]nvestigation of website, generate photos of website, [and] send report and photos." [5] *Id.* Presumably, Mr. Pezza is Plaintiff's expert.

While a court has the discretion to award litigation expenses to a prevailing party in an ADA action under § 12205, the undersigned denies Plaintiff's request here based on Plaintiff's failure to provide adequate information about Mr. Pezza and his work. *See* 42 U.S.C. § 12205; *see also Houston*, 2013 WL 3874026, at *3 (reducing litigation expenses where Plaintiff failed to allocate time spent among tasks or advise the court whether other courts have previously found similar requests reasonable); *Fountains of Boynton*, 2017 WL 5957662, at *5 (recommending denial of expert litigation expenses due to "complete lack of information"), *report and recommendation adopted*, 2017 WL 5956871; Order, Kennedy v. 5096 Forest Hill Invs., LLC, 15-CV-81001 (S.D. Fla. Oct. 29, 2015), ECF No. 21 at 7-8 (Rosenberg, J.) (denying Plaintiff's request for expert fees due to lack of information).

---

[5] The undersigned notes that Mr. Pezza's invoice is addressed to a different attorney—not the attorney in the instant case—who also regularly represents Plaintiff in ADA matters. (ECF No. 18-8 at 7). *See, e.g.*, Complaint, Kennedy v. SAI Enters., Inc., No. 19-CV-60545 (S.D. Fla. Mar. 1, 2019), ECF No. 1.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (ECF No. 18) be **GRANTED IN PART AND DENIED PART** as follows:

(1) Plaintiff is awarded a total of $**4,520** in attorneys' fees (11.3 hours at a rate of $400 per hour) and no paralegal fees.

(2) Plaintiff's is not awarded any litigation expenses.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 29 2019.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
　　All Counsel of Record